**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 11-14-DLB-CJS**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

**v.**                              **ORDER**

**HOWARD WEINER**                                                    **DEFENDANT**

\*\*\* \*\*\* \*\*\* \*\*\*

On April 12, 2018, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Report that Defendant Howard Weiner had violated conditions of his supervised release. Defendant was present in Court and represented by court-appointed counsel F. Dennis Alerding, and the Government was represented by Assistant United States Attorney Laura K. Voorhees. Probation Officer Leanne Vonderhaar was also present for this proceeding.

Upon call of this matter at the April 12 Final Revocation Hearing, counsel informed the Court that the parties had reached an agreement on the pending violations. Specifically, Defendant agreed to admit to all charges as alleged in the December 29, 2015 Violation Report (R. 34), as well as the Second Addendum to Supervised Release Violation Report (R. 38).[1] In exchange, the United States agreed to recommend a term of incarceration of 12 months with no new term of supervision to follow. Upon consideration, the parties' agreement is an appropriate proposed

---

[1] The April 6, 2018 (First) Addendum to Supervised Release Violation Report (R. 35) did not set forth any new charges but rather set forth information as to potential penalties pursuant to the U.S. Sentencing Guidelines and statutory requirements pursuant to 18 U.S.C. § 3583(e)(3) if Defendant's supervision were to be revoked based upon the violation charges in the December 29, 2015 Report.

disposition of this matter. Therefore, it will be recommended that Defendant's supervised release be revoked and that he be sentenced to a 12-month term of imprisonment with no supervision to follow.

I.  **PROCEDURAL BACKGROUND**

On February 11, 2011, Defendant appeared in U.S. District Court in Covington, Kentucky, before the Honorable David L. Bunning, U.S. District Judge, and pled guilty to Bank Fraud in violation of 18 U.S.C. § 1344, a Class B felony. (R. 6; R. 9). On May 20, 2011, Judge Bunning entered Judgment, sentencing Defendant to a total term of imprisonment of 4 months with a 5-year term of supervised release to follow. (R. 22). Defendant was also ordered to pay $116,435.04 in restitution. (*Id.*). On November 4, 2011, Defendant was released from prison to begin his term of supervision through the United States Probation Office in the Middle District of Florida. (R. 34).

On January 11, 2016, U.S. Probation Officer Jerry Heringer petitioned for Defendant to appear before the Court and address alleged violations of his supervision. (R. 29). An arrest warrant was issued. (*Id.*). Defendant was arrested over two years later on April 3, 2018, in the Dominican Republic. (R. 31). Defendant initially appeared before this Court in Covington, Kentucky, on April 6, 2018. (R. 32). The charged violations were presented to the Court via the December 29, 2015 Violation Report of the U.S. Probation Office for the Middle District of Florida. (R. 34). The violation charges were reviewed with Mr. Weiner, the potential penalties were explained based upon the April 6, 2018 Addendum prepared by the U.S. Probation Office for the Eastern District of Kentucky (R. 35), and a final revocation hearing was scheduled. (R. 32). Defendant was then remanded into federal custody. (*Id.*). The U.S. Probation Office subsequently submitted a Second Addendum (R. 38), reporting a further violation of Defendant's conditions of

supervised release and updated penalty information given that the newly-added charge is a Grade A violation.

Upon call of the case for the Final Revocation Hearing, the Court first reviewed the Second Addendum (R. 38) with Defendant and confirmed that he had an opportunity to review this new charge and change in potential penalties with his counsel. As noted above, counsel proceeded to inform the Court that the parties had reached an agreement: Defendant was prepared to admit to Violations 1 through 5 as set forth in the U.S. Probation Office's Violation Report and Second Addendum (R. 34; R. 38), and in exchange the Government agreed to recommend a sentence of 12 months of imprisonment with no term of supervised release to follow.

Upon the parties' announcement that they reached an agreement, the undersigned explained to Defendant that while a recommendation of an appropriate sanction will be made to the presiding District Judge, it is ultimately Judge Bunning's decision as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to admit to the alleged violations as agreed by the parties. Specifically, Defendant admitted under oath to the following violations of supervised release and the factual circumstances set forth below:

**Violation No. 1: The defendant shall not commit another federal, state or local crime. (Grade C Violation)**

Violation No. 1 of the Violation Report (R. 34) alleges that on November 30, 2015, Defendant failed to appear before the Circuit Court of Broward County, Florida, for a mandatory appearance in Case No. 12-4693CF10A. Defendant acknowledged that the United States could prove by a preponderance of the evidence that he failed to appear as required in the Florida Circuit Court, prompting a no-show trial capias to issue, and that such failure to appear is conduct constituting a state crime in violation of the conditions of his supervision.

**Violation No. 2**:  **The defendant shall report to the probation officer**.  (Grade C Violation)

Violation No. 2 of the Violation Report (R. 34) alleges that on December 18, 2015, Defendant failed to report to the U.S. Probation Office as instructed by his probation officer through a hand-delivered letter to his residence on December 7, 2015.  Defendant acknowledged that the United States could prove by a preponderance of the evidence that he failed to report as instructed by his probation officer in violation of the conditions of his supervision.

**Violation No. 3**:  **The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.  (Grade C Violation)**

Violation No. 3 of the Violation Report (R. 34) alleges that Defendant failed to notify his probation officer at least 10 days prior to his change of residence from Melbourne, Florida, to an unknown address.  Defendant acknowledged that the United States could prove by a preponderance of the evidence that he failed to notify his probation officer of his change in residence in violation of the conditions of his supervision.

**Violation No. 4**:  **Defendant shall pay restitution. (Grade C Violation)**

Violation No. 4 of the Violation Report (R. 34) alleges that between the months of September 2015 through December 2015, Defendant failed to make restitution payments and subsequently absconded from supervision.  Defendant acknowledged that the Court's Judgment ordered that he pay restitution.  (*See also* R. 22, at 5).  Defendant further acknowledged that the United States could show by a preponderance of the evidence that he has failed to make his required monthly restitution payments since August 2015, in violation of the conditions of his supervision.

**Violation No. 5**:  **The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon and shall not commit another federal, state, or local crime.  (Grade A Violation)**

Violation No. 5 of the Second Addendum to the Supervised Release Violation Report (R. 38) alleges that, according to the arrest report submitted by the agents in the Dominican Republic, when Defendant was apprehended, agents located a Winchester Model 1400 Ranger shotgun in his possession on the boat the defendant was occupying. Possession of a firearm by a convicted felon is a violation of federal law. *See* 18 U.S.C. § 922(g). Defendant acknowledged that the United States could show by a preponderance of the evidence that the shotgun traveled in interstate commerce, and that Defendant was in constructive possession of a firearm in violation of federal law and the conditions of his supervision.

Following the Final Revocation Hearing, Defendant was remanded to custody, pending entry of a final judgment as to his supervised release violations. (*See* R. 39). The undersigned is satisfied from the dialogue with the Defendant at the April 12, 2018 Final Revocation Hearing that he understands the nature of the violations as charged, he has had ample opportunity to consult with counsel, and that he enters his admissions to the violation charges knowingly and voluntarily. Based on Defendant's admissions to the violations discussed above, the undersigned finds and will recommend that the District Judge find that Defendant has violated the conditions of his supervised release as charged.

## II.     SENTENCING

Defendant having admitted to violating his supervised release, the question of appropriate sanctions is presented. A term of supervision may be revoked after finding that a defendant has violated a condition of supervision. *See* 18 U.S.C. § 3583(e)(3). The Court is mindful of the need to impose a sanction that is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a). *See id.* § 3583(e). In determining an appropriate sanction, the applicable

5

Sentencing Guidelines policy statements, *see United States Sentencing Commission Guidelines Manual* Chapter 7, Part B, and certain factors set out in 18 U.S.C. § 3553(a) must be considered.

Classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of his supervised release of 36 months, his underlying offense being a Class B felony. *See* 18 U.S.C. § 1344; 18 U.S.C. § 3559(a)(2); 18 U.S.C. § 3583(e)(3). Section 7B1.4(a) of the Sentencing Guidelines suggests a revocation range of imprisonment of 12-18 months, based upon Defendant's criminal history category of I and his highest supervised release violation being a Grade A violation. In addition, Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed would be 5 years, less any term of imprisonment imposed for the current revocation. *See* 18 U.S.C. § 3583(h).

As explained above, the parties have agreed to a recommended sentence of 12 months of incarceration with no new term of supervision to follow. Probation Officer Vonderhaar confirmed that the U.S. Probation Office is in agreement with the parties' recommended sanction. The undersigned agrees that under the circumstances presented, this recommended sanction is sufficient, but not greater than necessary, to comply with the applicable § 3553(a) factors imported into the § 3583(e) analysis. A term of incarceration is necessary to ensure that just punishment is imposed and to encourage respect for the law. However, a sentence at the low end of the Sentencing Guidelines range is appropriate as Defendant has accepted responsibility for his conduct. Furthermore, a sentence at the low end of the Sentencing Guidelines range is also appropriate as this is Defendant's first violation proceeding before the Court, and Defendant was close to finishing his term of supervision at the time he left Florida. Accordingly, a 12-month term of incarceration is sufficient, but not greater than necessary, to comply with the sentencing factors the Court is to

consider. Moreover, an additional term of supervised release would not serve as a useful expenditure of the Court's resources as the Probation Office has indicated further supervised release would not be beneficial to Defendant.

In summary, the undersigned accepts the parties' proposed term of incarceration with no new term of supervision to follow and will recommend the same to Judge Bunning in this Report and Recommendation. In light of this acceptance, Defendant has waived his right to allocute and his right to appeal his sentence to the extent it is consistent with this Report and Recommendation. (*See* R. 40).

Finally, Defendant has requested that the Court recommend he be placed at the federal facility for which he qualifies that is closest to his family in Pensacola, Florida. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but that a placement recommendation would be made on his behalf.

## III. CONCLUSION AND RECOMMENDATIONS

The undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, he has had ample opportunity to consult with counsel, and enters his admissions to the violations knowingly and voluntarily; and the undersigned having considered the entire record, the pertinent § 3553(a) factors, the advisory Sentencing Guidelines and applicable policy statements, and the presentations of counsel; accordingly,

**IT IS RECOMMENDED** as follows:

1. Defendant **HOWARD WEINER** be found to have **VIOLATED** his supervised release as set out in Violations 1, 2, 3, and 4 of the December 29, 2015 Violation Report (R. 34) and Violation 5 of the April 6, 2018 Second Addendum to Supervised Release Violation Report (R. 38);

2. Defendant's supervised release be **REVOKED;**

3. Defendant be **SENTENCED** to the custody of the Attorney General for a term of **12 months, credit to be given for time served since his detention on the violation charges, with no supervised release to follow;**

4. Restitution having been previously imposed in this Court's original sentencing of Defendant (*see* R. 22, at 5-7), that Defendant be ordered to pay the remaining restitution and that the Court specify a payment plan under the Schedule of Payments section of the Judgment to be entered; and

5. Defendant's sentence, if possible, be served at the federal facility for which he qualifies that is located nearest to Pensacola, Florida.

The Clerk of Court shall forthwith submit this Report and Recommendation to the presiding District Court Judge for consideration, Defendant and the United States having waived the fourteen (14) day period for the filing of objections hereto.

Dated this 23rd day of April, 2018.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\S.R. violations R&R\11-14 Weiner R&R.final.docx